## CIRCUIT COURT OF MADISON COUNTY

Parker

v.

Smith et al.

February 2, 2011

BY JUDGE DANIEL R. BOUTON

The court has completed its review of the arguments and authorities that were submitted in connection with the above referenced issue. The court has also further studied its prior ruling on the plaintiff's motion regarding an account stated. At this point, the court concludes that the motion for partial summary judgment on the interest charges will be granted.

The primary reason for the court's decision is that the interest charges constitute a valid part of the account stated that was established in the prior ruling. It is not necessary to repeat the analysis of this issue; the court simply incorporates by reference its previous discussion of the law that pertains to an account stated. In support of its ruling, the court also cites the arguments set forth on pages 8 to 12 of the plaintiff's memorandum. In the court's view, the law permits interest to be part of an account stated. Furthermore, no statute, decided case, or ethical rule in Virginia prohibits an attorney from charging interest; under appropriate circumstances it can be done.

In addition, as part of the rationale for its ruling, the court relies on the general principles of jurisprudence that apply to the payment of interest. These principles are summarized and concisely stated in the plaintiff's memorandum. As conceded by the plaintiff, the amount of interest asked for here is actually less than what arguably could be sought under the analysis set forth in his memorandum. The key point, however, is that the authority cited by the plaintiff supports his position on the interest that is included in the account stated and that is the subject of the motion for partial summary judgment.

Finally, it should be noted that the court's ruling is not inconsistent with the provisions for interest under § 8.01-382 of the Code of Virginia. The interest here is part of the account stated that was established by the court in its pretrial ruling. Interest under the statute is governed by different rules.

Such interest can only be awarded after a trial has resulted in a judgment for a specific amount. Moreover, statutory interest is discretionary and is not fixed in advance as part of an account stated.